IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CANSIN ILAYDA CETIN, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-02476-FB |
| | § | |
| TODD BLANCHE, Acting United States | § | |
| Attorney General; *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), the Federal Respondents' ("Respondents") response (ECF No. 4), and Petitioner's reply (ECF No. 8). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

## BACKGROUND

Petitioner is currently detained in the Karnes County Immigration Processing Center in Karnes City, Texas, located in the Western District of Texas. Petitioner argues that Petitioner's detention is unlawful and asks the Court to order Petitioner's release or another bond hearing.

## DISCUSSION

In preparing their response to the Petition, Respondents were ordered to consider a list of prior court orders issued in the Western District of Texas addressing whether Petitioner's detention violates due process and note any material factual differences. (Order for Service, ECF No. 2 at page 2). Respondents filed a full response, but chose not to address whether the factual and legal issues presented in this case differ in any material fashion from those presented in the identified decisions.

The Court therefore considers whether prior rulings concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case should this Court follow its legal reasoning in its prior decisions.

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents similar legal questions to those previously considered in the prior relevant decisions identified by the Court in the Order for Service. *See e.g.*, *Acero v. Thompson*; Case No. 5:26-CV-0673-JKP (ECF No. 8) (W.D. Tex. Apr. 9, 2026); *Camargo-Barreto v. Bondi*, Case No. 5:26-CV-0659-JKP (ECF No. 7) (W.D. Tex. Apr. 2, 2026); *Vargas-Negrete v. Noem*, Case No. SA-26-CA-00571-XR (ECF No. 9) (W.D. Tex. Mar. 19, 2026); *Mendoza v. Noem*, Case No. 5:26-CV-0728-JKP (ECF No. 9) (W.D. Tex. Feb. 26, 2026); *Fernandez v. Vergara*, Case No. SA-26-CA-00500-XR (ECF No. 8) (W.D. Tex. Feb. 26, 2026); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *3-5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10-13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025).

The Court notes one material difference but it does not change the result. Petitioner, a native and citizen of Turkiye, entered the United States on April 4, 2024, and upon entry Immigration and Customs Enforcement ("ICE") apprehended and released Petitioner with an HB1 visa. Petitioner has resided in San Antonio, Texas, since her admission and established substantial ties with the community. Petitioner's employment as a university professor "was terminated on December 31, 2025, because of the administration's policy on hiring foreign academics and researchers." (ECF No. 1 at page 2).

On January 10, 2026, Petitioner was arrested by local law enforcement and charged with misdemeanor driving while intoxicated ("DWI"). As of April 14, 2026, the DWI charge remained

pending and no formal complaint/information had been filed with the state courts. (ECF No. 1-1 at Exh. D).

After Petitioner bonded-out on January 10, 2026, she was transferred into ICE custody, where removal proceedings were begun. Petitioner is charged with remaining in the country after her visa expired on December 31, 2025.

On March 18, 2026, an immigration judge ("IJ") held a hearing regarding custody redetermination proceedings. The IJ found that Petitioner's continued detention is warranted because she poses a danger to the community. The IJ's ruling was based on Petitioner's "recent arrest for DWI from January 2026," and because she "admitted to drinking one alcoholic beverage within getting into her Tesla around 9:30 at night, driving that vehicle knowing her driver's license was expired; and then turning the wrong way onto a one-way street." (ECF No. 1-1 at page 26). Petitioner "was stopped by the police soon after the turn." *Id.*

Respondents argue that Petitioner did receive an individualized bond determination and the Court lacks jurisdiction to review the IJ's discretionary decision. The Court in turn considers whether the IJ's dangerousness finding forecloses the Court from granting habeas relief based on due process requirements, and finds it does not.

Title 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review "judgments designated as discretionary under the pertinent language of the statute, but it does not deprive [courts] of all authority to review statutory and constitutional challenges. [Courts] retain jurisdiction to review [a noncitizen's] detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

Moreover, Judge Jason K. Pulliam recently rejected the arguments Respondents make in this case. In granting habeas relief, Judge Pulliam summarized:

> On the information before this Court, one cannot tell whether the evidence was sufficient for a DWI conviction. And for purposes of resolving this habeas petition, it does not matter.
>
> Petitioner has established a significant presence in the United States that requires due process protection. . . .

*Rodriguez Brizuela v. Noem*, No. 5:26-CV-0279-JKP, 2026 WL 752257, at *6 (W.D. Tex. Mar. 12, 2026); *see also Estrada v. Warden*, No. 5:26-CV-00359, 2026 WL 1270556, at *3 (S.D. Tex. Apr. 2, 2026) (explaining that IJ's finding of dangerousness arising out of DWI arrest did not foreclose court from granting habeas relief based on Fifth Amendment due process violation).

For reasons previously stated in other cases, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas Petition; (2) Respondents have violated Petitioner's right to due process under the Fifth Amendment; and (3) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241, and declines to consider *Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), or other challenges presented.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.    Respondents are **DIRECTED** to **RELEASE** Petitioner Cansin Ilayda Cetin from custody, under reasonable conditions of supervision, to a public place no later than **May 19, 2026**.

-4-

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **May 20, 2026**, confirming that Petitioner has been released.

IT IS FINALLY ORDERED that motions pending with the Court, if any, are Dismissed as Moot and this case is CLOSED.

It is so ORDERED.

SIGNED this 15th day of May, 2026.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE